## BARKER *v.* BARKER.

A party admitted to defend a suit against another, as a subsequent attaching creditor, and the like, has, under the law of June, 1855, remodeling the judiciary, a right to appeal, upon giving the usual bond.

THIS was an action of assumpsit, brought originally in the Common Pleas, and Conant, Eldin & Woods, subsequent attaching creditors, were allowed to defend. Judgment was rendered for the plaintiff, and thereupon said Conant, Eldin & Woods claimed an appeal, and gave bond for costs.

Upon the entry of the appeal in this court, August term, 1859, the plaintiff moved to dismiss it, and the only

Barker *v.* Barker.

question is, has the party so admitted to defend, a right to appeal, on giving the usual bond?

*G. N. Eastman*, for the plaintiff.

*C. F. Hill* and *G. W. Stevens*, for the defendant.

BELLOWS, J.* The practice of permitting subsequent attaching creditors, and the like, to appear and defend when they have an interest to protect, is well established in this State; but it is always upon condition that security be given for the costs occasioned by such defence. When so admitted, they defend in the name of the nominal party, and may prosecute the defence to final judgment; and we are of opinion that, under the law of 1855, they may appeal, upon giving the usual security. By that appeal the judgment in the court below is vacated, and the cause is left as it stood before the rendition of judgment. It is strictly a continuation of the same cause, and neither discharges attachments or the securities for costs given by third persons, admitted to defend. *Stalbird* v. *Beattie*, 36 N. H. 455; *Wallace* v. *Brown*, 25 N. H. 220. No good reason, then, can be perceived for restricting the right to defend to a trial in the Common Pleas.

The case of a review is different; that is a new suit. The judgment in the original suit is final and not vacated by the review, as is established in *Pike* v. *Pike*, 24 N. H. 384; *Badger* v. *Gilmore*, 37 N. H. 457. The securities, by attachment and otherwise, obtained in the original suit, are no longer available; and, accordingly, it is held, in *Pike* v. *Pike*, that the leave granted in the original suit to defend does not authorize such party to bring review; but the reasoning of the court in that case strongly corroborates the views we have here taken. The judgment of the court below must be affirmed.

*Motion denied.*

* DOE, J., having been of counsel, did not sit.